

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00021-CR

MELINDA KELLY FOXWELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 22,836-A, Honorable Dan L. Schaap, Presiding

March 26, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Melinda Kelly Foxwell, appeals her conviction for the offense of aggravated assault[1] with a deadly weapon and resulting sentence of three years confinement in the Institutional Division of the Texas Department of Criminal Justice. The term of confinement was suspended and appellant was placed on community supervision for a period of three years. Through one issue, appellant challenges the sufficiency of the evidence to support the jury's finding of guilt. We will affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).

Factual and Procedural Background

The indictment against appellant arose as a result of a vehicle collision between appellant and William Vance Jr. that occurred on June 15, 2011, in Amarillo. The initial police response was to treat this event as simply an automobile accident. As a result of the collision, appellant was taken to the emergency room at Northwest Texas Hospital. While in the emergency room, appellant was overheard saying, "[J]ust let me die. That's what I wanted anyway." This statement was heard by Terri Campbell, the director of trauma and emergency management for the hospital, and Justin Baker, the paramedic who assisted in transporting appellant. After hearing this remark by appellant, the two witnesses notified the police officer who came to the hospital to issue a citation to appellant about what they had overheard. Based upon appellant's statement, the police then began reviewing this collision from the perspective of it being a possible aggravated assault.

During the trial, the other driver, Vance, testified that, as he was headed north on Soncy Road, he saw appellant's southbound car appear as if it was going to move into the turning lane. Suddenly, appellant's car veered into his lane headed straight at him. Further, Vance stated that, immediately before impact, appellant looked directly at him and then ducked her head down toward the passenger seat. As a result of the collision, Vance suffered dislocated ankles, a torn rotator cuff, and cuts.

Also testifying at trial was Dr. Alice Sanchez, M.D., a psychiatrist who had been seeing appellant for issues of depression and anxiety. Sanchez testified that appellant lost her job in Virginia, she lost her home to foreclosure, appellant's mother had passed

away, CPS had conducted an investigation into appellant's care of her children, appellant was involved in a divorce and custody dispute with her husband, and she was fearful of losing her children. Sanchez opined that, based upon her treatment of appellant, appellant was not suicidal at the time of the collision. This was so, according to Sanchez, because appellant had plans for her future and was fighting for the custody of her children in an ongoing divorce proceeding. Further, following the collision in question, appellant had told Sanchez that she caused the collision by falling asleep at the wheel.

Dr. Kelly Cukrowicz, Ph.D. in clinical psychology, was allowed to be in the courtroom to hear Sanchez's testimony about appellant's treatment. Cukrowicz's area of expertise relates to suicide and suicide theory. After hearing Sanchez's testimony, Cukrowicz opined that appellant's long history of depression and the events leading up to the collision placed appellant at significant risk for an attempted suicide. Specifically, Cukrowicz stated that appellant's statement in the emergency room indicated that appellant's motivation for the collision in question was an attempt at suicide.

The jury also heard the testimony of David Brown, who is appellant's cousin. Brown testified about his efforts at assisting appellant move her personal belongings to an apartment in the days before the collision. Specifically, Brown testified that, on the morning of the collision, he and appellant went to breakfast together, where he noted how tired appellant was. He stated that, based upon his observation of appellant that morning, he asked her if she wanted to go back to bed and get some sleep. Appellant declined and the move went forward. At the time of the collision, Brown was driving ahead of appellant and did not directly observe the collision.

Appellant also testified as to the events before the collision. Appellant testified about the move of her residence and how tired she was on the day of the collision. She had no recollection of the actual collision but denied any intent to run into the victim. Appellant admitted that she had battled depression for a number of years. Further, appellant admitted to being hospitalized on more than one occasion for depression. However, she denied ever attempting to commit suicide or the presence of any suicidal ideations.

After hearing the evidence and argument of counsel, the jury returned a verdict of guilty to the indicted offense of aggravated assault with a deadly weapon. The same jury then sentenced appellant to three years in the ID-TDCJ with the sentence of confinement suspended and placed appellant on community supervision for three years.

Appellant brings forth a single issue, contending that the evidence was insufficient to support the jury's finding of guilt. For the reasons hereafter stated, we will affirm the judgment of the trial court.

Sufficiency of the Evidence

Standard of Review

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of

4

the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by *Jackson*." *Id.* When reviewing all of the evidence under the *Jackson* standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. *See id.* at 906–07 n.26 (discussing Judge Cochran's dissenting opinion in *Watson v. State*, 204 S.W.3d 404, 448–50 (Tex. Crim. App. 2006), as outlining the proper application of a single evidentiary standard of review). "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Id.* at 899.

Analysis

Appellant challenges the sufficiency of the evidence to support the jury's finding. In analyzing appellant's issue, it is apparent that appellant presents the case that there is no direct evidence to show that she intentionally and knowingly caused bodily injury to the victim, Vance. According to appellant, this, therefore, means that the evidence is insufficient to support the verdict of the jury. However, this approach to the issue before the Court ignores the fact that the intent of an actor can be inferred from the acts, words, and conduct of an accused. *See Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995) (en banc).

When we turn to an examination of the record, we find that we have the appellant's words—"[J]ust let me die. That's what I wanted anyway."—which

5

demonstrate an intent to attempt to kill herself. When we look at the appellant's act and conduct, we find the testimony of Vance that, immediately before impact, appellant looked directly at him and then ducked her head down toward the passenger seat. At the end of the day, the jury had this testimony to weigh in determining whether appellant intentionally and knowingly caused bodily injury to Vance by striking his motor vehicle. That there was other evidence the jury could have believed that would negate the intent of appellant is not the test. Rather, it is up to the jury to weigh the evidence and determine which evidence is more credible and believable. *See Brooks*, 323 S.W.3d at 899. We will not supplant that jury's decision by trying to become a thirteenth juror. *See id.* at 911-12.

Finally, in an attempt to demonstrate that the evidence was insufficient, appellant posits that the trial court's admission of the testimony of Dr. Cukrowicz was a violation of the Texas Rule of Evidence 404(b) in that it was actually testimony about a character trait to prove conformity with that trait: propensity to commit suicide. *See* TEX. R. EVID. 404(b).[2] However, our search of the record does not reveal any objection based upon that rule of evidence; consequently, the issue is not before this court. *See* TEX. R. APP. P. 33.1(a)(1)(A). To the extent appellant cites *Pollard* for the proposition that such evidence cannot be used to support a judgment even if it was not objected to, appellant has misread *Pollard*. *See Pollard v. State*, 255 S.W.3d 184, 189 (Tex. App.—San Antonio 2008), *aff'd*, 277 S.W.3d 25 (Tex. Crim. App. 2009). The San Antonio court's opinion does not specifically state there was a Rule 404(b) objection; however, the opinion does state that it would assume without deciding that the trial court did not err in

---

[2] Further reference to the Texas Rules of Evidence will be by reference to "Rule ____."

ruling that the evidence was relevant. *Id.* This leads this Court to conclude that there was a proper objection leveled at the admission of the evidence.

After reviewing the evidence in the light most favorable to the jury's finding, we believe the evidence sufficient to sustain the jury's verdict. Accordingly, appellant's issue is overruled.

## Conclusion

Having overruled appellant's issue, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.